**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERNESTO GARCIA,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL DEBT RELIEF LLC,<br><br>*Defendant.* | Case No. 1:25-cv-10240-ER<br><br>**ANSWER AND DEFENSES** |

Defendant National Debt Relief, LLC ("NDR"), by and through its undersigned counsel, hereby submits this Answer to the Complaint filed by Plaintiff Ernesto Carcia ("Plaintiff") and answers and alleges as follows:

**PARTIES**

1. The allegation in Paragraph 1 of the Complaint is not directed at NDR, and therefore, no response is required. To the extent a response is required, NDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis denies them.

2. Paragraph 2 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, NDR does not dispute it is headquartered in New York and denies that it does business throughout the United States.

**JURISDICTION AND VENUE**

3. Paragraph 3 of the Complaint asserts a legal conclusion to which no response is required. By way of further answer, Plaintiff's claims are subject to a binding arbitration agreement with class action waiver.

4. Paragraph 4 of the Complaint asserts a legal conclusion to which no response is required.

5. Paragraph 5 of the Complaint asserts a legal conclusion to which no response is required.

**INTRODUCTION**

6. Paragraph 6 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 is of the Complaint not directed at NDR, and therefore, no response is required. To the extent a response is required, NDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9. Paragraph 9 of the Complaint is not directed at NDR, and therefore, no response is required. To the extent a response is required, NDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10. Paragraph 10 of the Complaint is not directed at NDR, and therefore, no response is required. To the extent a response is required, NDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11. Paragraph 11 of the Complaint is not directed at NDR, and therefore, no response is required. To the extent a response is required, NDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies them.

12. Paragraph 12 of the Complaint is not directed at NDR, and therefore, no response is required. To the extent a response is required, NDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

13. Paragraph 13 of the Complaint is not directed at NDR, and therefore, no response is required. To the extent a response is required, NDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies them.

**COMMON ALLEGATIONS**

14. NDR denies the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in Paragraph 16 of the Complaint.

17. NDR denies the allegations in Paragraph 17 of the Complaint.

18. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies the allegations contained in this Paragraph.

19. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies the allegations contained in this Paragraph.

20. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies the allegations contained in this Paragraph.

21. Paragraph 21 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in Paragraph 21 of the Complaint and specifically denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever

**PLAINTIFF GARCIA'S ALLEGATIONS**

22. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies the allegations.

23. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies the allegations.

24. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies the allegations.

25. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies the allegations.

26. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies the allegations.

27. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies the allegations.

28. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies the allegations.

29. NDR denies the allegations in Paragraph 29 of the Complaint.

30. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies the allegations.

31. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies the allegations.

32. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies the allegations.

33. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, on that basis, denies the allegations.

34. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, on that basis, denies the allegations.

35. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, on that basis, denies the allegations. NDR specifically denies that any calls were made without Plaintiff's consent and that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

36. NDR denies the allegations in Paragraph 36 of the Complaint.

37. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, denies the allegations.

38. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on that basis, denies the allegations.

39. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, on that basis, denies the allegations.

40. NDR denies the allegations in Paragraph 40 of the Complaint.

41. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, on that basis, denies the allegations.

42. NDR denies the allegations in Paragraph 42 of the Complaint.

43. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, on that basis, denies the allegations.

44. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, on that basis, denies the allegations.

45. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, on that basis, denies the allegations.

46. NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, on that basis, denies the allegations.

47. NDR denies the allegations in Paragraph 47 of the Complaint. NDR specifically denies that any calls were made without Plaintiff's consent and that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

48. NDR denies the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in Paragraph 49. NDR specifically denies that any calls were made without Plaintiff's consent and that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

50. Paragraph 50 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in this Paragraph.

**CLASS ALLEGATIONS**

51. NDR denies the allegations contained in Paragraph 51 of the Complaint. NDR specifically denies that any class should be certified in this action and that this action is appropriate for class treatment.

52. NDR denies the allegations contained in Paragraph 52 of the Complaint. NDR specifically denies that any class should be certified in this action and that this action is appropriate for class treatment.

53. NDR denies the allegations contained in Paragraph 53 of the Complaint. NDR specifically denies that any class should be certified in this action and that this action is appropriate for class treatment.

54. NDR denies the allegations contained in Paragraph 54 of the Complaint. NDR specifically denies that any class should be certified in this action and that this action is appropriate for class treatment.

55. NDR denies the allegations contained in Paragraph 55 of the Complaint. NDR specifically denies that any class should be certified in this action and that this action is appropriate for class treatment.

56. NDR denies the allegations contained in Paragraph 56 of the Complaint. NDR specifically denies that any class should be certified in this action and that this action is appropriate for class treatment.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Garcia and the Do Not Call Registry Class)**

57. NDR incorporates its responses to the allegations in Paragraph 1 through Paragraph 56 above, as if set forth fully herein.

58. Paragraph 58 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in this Paragraph.

59. Paragraph 59 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in this Paragraph.

60. NDR denies the allegations in Paragraph 60 of the Complaint. NDR specifically denies violating the TCPA. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

61. NDR denies the allegations in Paragraph 61 of the Complaint. NDR specifically denies violating the TCPA. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

62. NDR denies the allegations in Paragraph 62 of the Complaint. NDR specifically denies violating the TCPA. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

63. NDR denies the allegations in Paragraph 63 of the Complaint. NDR specifically denies willfully and knowingly violating the TCPA. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Garcia and the Internal Do Not Call Class)**

64. NDR incorporates its responses to the allegations in Paragraph 1 through Paragraph 63 above, as if set forth fully herein.

65. Paragraph 65 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in this Paragraph.

66. NDR denies the allegations in Paragraph 66 of the Complaint. NDR specifically denies violating the TCPA. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

67. Paragraph 67 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in this Paragraph.

68. NDR denies the allegations in Paragraph 68 of the Complaint. NDR specifically denies violating the TCPA. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

## PRAYER FOR RELIEF

In answering the Prayer for Relief of the Complaint and each subparagraph therein, NDR denies the allegations and any implication that Plaintiff's allegations have merit, that Plaintiff is entitled to any relief whatsoever and/or that that any class should be certified in this action or that this action is appropriate for class treatment.

NDR denies any allegation not specifically admitted above.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, NDR, as separate and distinct defenses to the Complaint and all the claims alleged therein, alleges as follows on information and belief:

### FIRST DEFENSE

(Agreement to Arbitrate)

Plaintiff's claims, and the claims of the members of the purported class, are subject to binding individual, non-class arbitration pursuant to the arbitration agreement contained in the terms and conditions governing the parties' relationship. NDR reserves the right to compel arbitration pursuant to that agreement.

### SECOND DEFENSE

(Failure to State a Claim)

The Complaint, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim against NDR.

**THIRD DEFENSE**

(Consent)

Plaintiff and any person he purports to represent is barred, in whole or in part, from maintaining the alleged claims to the extent Plaintiff and any person he purports to represent provided "prior express consent" within the meaning of the TCPA for all calls allegedly placed by NDR.

**FOURTH DEFENSE**

(Estoppel)

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, as well as the conduct, action and inactions of any person he purports to represent, which amount to and constitute an estoppel of the claims and any relief sought thereby.

**FIFTH DEFENSE**

(Waiver)

Plaintiff's claims are barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, as well as the conduct, action and inactions of any person he purports to represent, which amount to and constitute a waiver of any right or rights Plaintiff or any person he purports to represent may or might have in relation to the matters alleged in the Complaint.

**SIXTH DEFENSE**

(Laches)

The Complaint is barred from recovery by the doctrine of laches because Plaintiff and any person he purports to represent knew of the purported acts or omissions and was fully aware of his rights against NDR (if any), but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of NDR.

**SEVENTH DEFENSE**

(Failure to Mitigate)

To the extent that Plaintiff and any person he purports to represent has suffered any damage as a result of the matters alleged in the Complaint, Plaintiff and any person he purports to represent

failed to mitigate those damages and the claims therefore are barred, in whole or in part.

**EIGHTH DEFENSE**

(Lack of Standing)

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because Plaintiff and any person he purports to represent suffered no injury, actual damages, or concrete and/or particularized injury-in-fact, as a result of any act or practice of NDR and, therefore, lack standing to assert a claim.

**NINTH DEFENSE**

(Statute of Limitations)

The Complaint is barred in whole or in part by the applicable statute of limitations including, without limitation, 28 U.S.C. § 1658.

**TENTH DEFENSE**

(Due Process)

The imposition of liability and/or statutory damages of up to $1,500 per call under the TCPA would violate provisions of the United States Constitution, including the Due Process Clause, on the grounds, among others, that the recovery of statutory damages of up to $1,500 per call would be wholly disproportionate to the offense and unreasonable.

**ELEVENTH DEFENSE**

(Not Knowing or Willful)

Plaintiff and any person he purports to represent is precluded from any recovery for a willful and knowing violation of the TCPA because any such violation (which NDR denies occurred) would not have been willful or knowing.

**TWELFTH DEFENSE**

(Safe Harbor)

To the extent NDR violated the TCPA, the same being specifically denied, NDR maintained strict compliance procedures, including written policies, regular training, and mandatory registry scrubbing, and is entitled to safe harbor.

**THIRTEENTH DEFENSE**

(Existing Business Relationship)

Plaintiff and any person he purports to represent is precluded from any recovery because they had an existing business relationship with and/or initiated engagement from NDR.

**FOURTEENTH DEFENSE**

(Res Judicata/Collateral Estoppel)

The Complaint is barred to the extent Plaintiff and any person he purports to represent are a member of a class action and did not properly opt out of the class. Accordingly, the Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

**FIFTEENTH DEFENSE**

(Constitutionality)

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because to statute upon which it is based has been deemed unconstitutional.

**SIXTEENTH DEFENSE**

(First Filed Rule)

The Complaint, and each claim and cause of action set forth therein, is substantially similar to other pending class litigation such that this matter should be stayed pursuant to the first filed rule.

***

NDR expressly reserves the right to assert such other and further defenses and affirmative defenses as may be appropriate, based on its ongoing investigation and/or documents and information obtained from Plaintiff.

WHEREFORE, NDR requests the following relief:

(1) That Plaintiff's Complaint be dismissed with prejudice;

(2) That judgment be entered in favor of NDR;

(3) That the Court award NDR its fees, expenses and costs to the full extent permitted by law; and

(4) That the Court award such other relief as is just and proper under the circumstances.

DATED: February 26, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**

*/s/ Aleksandr Altshuler*
Aleksandr Altshuler
1675 Broadway, 19th Floor
New York, NY 10019
Tel. (212) 223-0200
Fax (212) 223-1942
E-mail: altshulera@ballardspahr.com

*Attorney for Defendant, National Debt Relief, LLC*